IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LEONARDO FAYE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil No. JFM-07-2244 |
| | * | |
| **HIGH'S OF BALTIMORE, INC.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | ***** | |

**MEMORANDUM**

Plaintiff Leonardo Faye ("Faye") brings this action alleging breach of contract and failure to pay wages in accordance with the Fair Labor Standards Act against Defendant, High's of Baltimore ("High's"). Faye alleges that he was refused overtime wages for work he completed as a convenience store cashier employed by High's between August 2001 and December 2005. (Compl. ¶¶ 6-7.) Faye initially filed this action in the Circuit Court for Howard County on July 2, 2007, serving his Complaint on High's on August 6, 2007. On August 24, 2007, High's removed the action to this court. Faye on September 5, 2007 filed a motion to remand, asserting that because High's had not filed a notice of removal with the clerk of the state court, removal was not in accordance with 28 U.S.C. § 1446(d), and therefore deficient. (Pl.'s Mot. to Remand at 4.) On September 6, 2007, High's filed its opposition to Faye's motion to remand as well as its notice to the Circuit Court for Howard County that the action had been removed. For the reasons stated below, Plaintiff's motion to remand will be denied.

As a general matter, courts strictly construe removal jurisdiction requirements "[b]ecause the removal of a case from state to federal court raises significant federalism concerns . . . ." *Johnson v. Nutrex Research, Inc.*, 429 F.Supp.2d 723, 725 (D. Md. 2006) (citing *Mulcahey v.*

1

*Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). In the instant action, however, I conclude that High's cured the procedural deficiency that existed in its notice of removal through its September 6, 2007 filing with the Circuit Court for Howard County, which High's filed within the thirty-day statutory period for removal under 28 U.S.C. § 1446(b).[1] As recognized by the Fourth Circuit, defects that are technical or procedural in nature that are easily cured are not dispositive grounds for denying a defendant the opportunity to cure a deficient notice of removal. *See, e.g.*, *Nutter v. New Rents, Inc.*, 945 F.2d 398, No. 90-2493, 1991 WL 193490 (4th Cir. Oct. 1, 1991) (failure to state defendant's place of business, which was essential to establishing diversity jurisdiction, was easily cured by allowing defendants to cure technical defect).

       A separate order denying Faye's motion to remand is being entered herewith.


Date: <u>September 26, 2007</u>                    /s/<u>                    </u>
                                                     J. Frederick Motz
                                                     United States District Judge

---

[1] The line of cases to which Faye directs my attention are distinguishable in that they either involve diversity of citizenship issues, which are not present in the instant action, or involve multiple defendants who did not all join in or consent to the removal petition, which is also not present in the instant action given the existence of only one defendant.

2